NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>  CHRYSSOULA ARSENIS.,<br><br>  Debtor. | Bankruptcy Action No. 24-21859 (MEH) |
| CHRYSSOULA ARSENIS,<br><br>  Appellant,<br><br>  v.<br><br>UNITED STATES TRUSTEE and BLUE<br>FOUNDRY BANK,<br><br>  Appellees. | Civil Action No. 25-2900 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Debtor-Appellant Chryssoula Arsenis's ("Arsenis") appeal from the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") "Order Denying Debtor's Motion for Election to Proceed Under Subchapter V of Chapter 11" (ECF Nos. 1, 12; Bankr. ECF No. 90).[1] Briefs in opposition were filed by Appellees Blue Foundry Bank (the "Bank") (ECF No. 18) and the United States Trustee (the "Trustee") (ECF No. 20). Arsenis replied. (ECF No. 22.) The Court has considered the parties'

---

[1] References to "ECF No. __" refer to documents filed in this present appeal. References to "Bankr. ECF No. __" refer to documents filed in the Bankruptcy Court proceeding, *In re Chryssoula Arsenis*, No. 24-21859 (Bankr. D.N.J.).

submissions and resolves the matter without oral argument pursuant to Federal Rule of Bankruptcy Procedure 8019. For the reasons set forth below, this appeal is **DISMISSED AS MOOT**.

In short, Arsenis appeals the Honorable Mark E. Hall's, U.S.B.J., Order that she was ineligible to proceed as a "small business debtor" under Chapter 11, subsection V, of the bankruptcy code, *see* 11 U.S.C. § 101(51D), because her "uncontroverted liabilities" to the Bank exceeded the statutory debt limit. (*See* ECF No. 1-3 at 29:25–33:13 (Judge Hall concluding on the record that Arsenis's mortgage debt to just the Bank of $4,335,319.68 exceeded the statutory limit to proceed under subchapter V of $3,024,725).) Arsenis argues, among other things, that Judge Hall (1) improperly counted the full value of the mortgage debt against her as opposed to a smaller portion, (2) should not have classified the mortgage debt as personal or consumer debts, and (3) violated due process by failing to grant her an "evidentiary hearing or further factual inquiry." (ECF No. 12 at 9–10.)

While Arsenis's appeal was pending before this Court, the parties filed several motions in the Bankruptcy Court relevant to this appeal.[2] The Trustee filed a Motion to Dismiss or, in the Alternative, to Convert Case to Chapter 7. (Bankr. ECF No. 236.) Arsenis filed an Emergent Motion to Withdraw from Chapter 11, Voluntary Dismissal, and for an Order Declaring Escrow Funds Unencumbered, (Bankr. ECF No. 272), as well as a Motion to Require United States Trustee to Clarify its Position, Grounds, and Requested Relief, (Bankr. ECF No. 279). Following a hearing on the Motions, on March 18, 2026, Judge Hall issued an order denying Arsenis's Motions,

---

[2] Because it has done so elsewhere in excruciating detail, "[t]he Court need not recite the tortured history of litigation involving Arsenis or her family." *In re Arsenis*, No. 25-16054, 2025 WL 3754277, at *1 (D.N.J. Dec. 29, 2025) (citing *Arsenis v. Blue Foundry Bancorp*, No. 24-8978, 2025 WL 383750, at *1–6 (D.N.J. Feb. 4, 2025)). However, the Court notes, by way of example, that during the pendency of this appeal and Arsenis's own bankruptcy case, Arsenis's son, George John Arsenis, separately filed for Chapter 13 bankruptcy proceedings regarding the exact same mortgage debt on the property in Bernardsville, New Jersey. *See In re George John Arsenis*, No. 26-11032 (Bankr. D.N.J. filed Jan. 30, 2026). Judge Hall dismissed George Arsenis's bankruptcy case within two months of George's filing. *Id.*, ECF Nos. 25, 28.

granting the Trustee's Motion, and converting Arsenis's bankruptcy from Chapter 11 to Chapter 7. ("Conversion Order," Bankr. ECF No. 327.) Judge Hall concluded that, because the case "ha[d] become mired in motion practice initiated by the Debtor against her largest creditors" and "ha[d] lingered for more than fifteen (15) months without meaningfully progressing" toward resolution or recovery for Arsenis's creditors, it was "overwhelmingly apparent to the Court" that the case needed a Chapter 7 trustee. (*Id.* at 10.) Judge Hall noted that he had given Arsenis "numerous opportunities and a significant amount of time to present a viable path forward [under Chapter 11 of the Bankruptcy Code]," yet she "has consistently failed to do so, any further extension of time afforded to the Debtor would be harmful to the estate and to the creditors and would simply delay the presumable inevitable failure of this case under Chapter 11 due to the Debtor's inability to reorganize." (*Id.* at 14.) Thus, Judge Hall determined that "conversion of [Arsenis's bankruptcy case] to one under Chapter 7 is in the best interests of [Arsenis's] creditors and the estate." (*Id.* at 15.) Ms. Andrea Dobin was in turn appointed to serve as the Chapter 7 trustee for the bankruptcy estate in the underlying bankruptcy action, (Bankr. ECF No. 328), and she today filed a letter with this Court confirming the bankruptcy's conversion to Chapter 7, (ECF No. 24).

Judge Hall's Conversion Order moots the present appeal. As a general matter, the Third Circuit has recognized that mootness, when applied in the bankruptcy appeal context, is an equitable doctrine.[3] *In re Cont'l Airlines*, 91 F.3d 553, 558–59 (3d Cir. 1996) (collecting cases) "Under this widely recognized and accepted doctrine, the courts have held that '[a]n appeal should

---

[3] The Third Circuit has not specifically commented on whether the instant chapter-conversion context implicates equitable or *constitutional* mootness under Article III. *See In re Cont'l Airlines*, 91 F.3d at 558 ("[A]n appeal is moot in the constitutional sense only if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatever." (cleaned up)). At least one court has suggested that mooting a bankruptcy appeal following conversion of bankruptcy chapter is equitable in nature. *See In re Sasso*, 409 B.R. 251, 254–55 (B.A.P. 1st Cir. 2009). Regardless of how the Third Circuit would characterize this oft-applied, blackletter rule, the core principle that chapter conversion moots a case applies here.

. . . be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.'" *Id.* (alterations in original) (quoting *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993)). As several other District and Circuit Courts have recognized (and as is most relevant to this appeal):

> Courts have consistently held that a conversion of a bankruptcy proceeding from one chapter of the Bankruptcy Code to another generally obviates the need to further litigate the issues in the original proceeding, thereby mooting an appeal from the original proceeding. This is so whether the conversion is voluntary or involuntary and whether the appellant is the debtor or the creditor.

*Lenton v. U.S. Tr.*, No. 07-178, 2009 WL 1872667, at *3 (E.D. Pa. June 29, 2009) (internal quotation marks and citations omitted) (quoting *In re Mendy*, No. 03-521, 2003 WL 22038392, at *4 (E.D. La. Aug. 20, 2003)); *see also In re Campbell*, 36 F. App'x 388, 389–90 (10th Cir. 2002) ("Here, the only effective relief that could theoretically be granted to Covington would be a remand ordering the bankruptcy court to apply the proper interest rate in the Chapter 13 proceeding. This relief is no longer available, however, as the proceedings have been converted to a petition under Chapter 7.").

The Court concludes that this principle applies here.[4] Even assuming, *arguendo*, that when Arsenis filed her Notice of Appeal, she was entitled to the relief she seeks therein—the right to proceed as a small business debtor under subchapter V of Chapter 11 of the bankruptcy code[5]—this Court could not provide such relief following Judge Hall's Conversion Order. *Lenton*, 2009 WL 1872667, at *3. Judge Hall's reasoning for conversion is instructive. As Judge Hall explained, his decision to exercise his discretion to convert the case to Chapter 7 was based on a myriad of

---

[4] This is so even where the conversion was involuntary, as here. *In re Mendy*, 2003 WL 22038392, at *4.

[5] The Court notes, however, that the merits of Arsenis's appeal appear dubious, and that is a most charitable characterization. (*See, e.g.*, ECF No. 1-3 at 29:25–33:13 (Judge Hall explaining on the record that Arsenis's uncontroverted submissions about her outstanding mortgage debt make her ineligible under subchapter V).)

factors related to "the best interest of the creditors"—notably, the case's failure "to meaningfully progress[] toward [Arsenis] realistically being able to propose an adequate disclosure statement or, most significantly, a confirmable plan," despite ample opportunity to do so. (Conversion Order at 9–10.) In order to "protect[] the interests of all estate beneficiaries, maximiz[e] estate value for the benefit of creditors, and promptly distribut[e] dividends to creditors," Judge Hall determined that a Chapter 7 trustee needed to administer the estate, and not Arsenis herself. (*Id.*) Allowing Arsenis to proceed under a different subchapter of Chapter 11 would only continue to expose her creditors to the precise litigation quagmire that necessitated conversion in the first place. To state the obvious, any decision by this Court changing which subchapter of Chapter 11 the bankruptcy must proceed under is mooted by the bankruptcy case's conversion to an altogether different Chapter (Chapter 7), or else would require the Court to *convert the bankruptcy case back from Chapter 7*. Arsenis's bankruptcy, however, has moved on, and the chapter conversion "obviates the need to further litigate the issues in the original proceeding," like which subchapter would or would not have been most appropriate under Chapter 11 a year ago. *Lenton*, 2009 WL 1872667, at *3; *In re Campbell*, 36 F. App'x at 389–90.

Crucially, Judge Hall's conversion decision was made *irrespective* of his earlier decision that Arsenis herein seeks to appeal, i.e., his decision that Arsenis was ineligible to proceed under subchapter V of Chapter 11. Judge Hall's decision to convert was not based in any way on which subchapter of Chapter 11 Arsenis was eligible to proceed under, but instead was done to protect creditors from further instances of her extensively documented vexatiousness and dilatoriness. (*E.g.*, Conversion Order at 9–10 (Judge Hall noting that he had given Arsenis four opportunities to amend her disclosure statement, that Arsenis had filed six different inadequate disclosure statements, and that Arsenis had seven motions pending against her creditors separate from those

5

at issue in the Conversion Order).) Moreover, Arsenis herself—in her brief opposing conversion to Chapter 7—represented that her preferred outcome was to "dismiss her case altogether," *not to continue proceeding under subchapter V of Chapter 11* (or indeed under any chapter or subchapter). (*Id.*; *see generally* Bankr. ECF No. 291 (arguing in opposition that dismissal was more appropriate than conversion)[6].) Given Arsenis's own change in position as to the most effective administration of her bankruptcy case, it would be patently inequitable, and indeed a miscarriage of justice, for the Court to unwind the past year of bankruptcy proceedings, let alone re-expose her creditors to continued distribution risks. *See In re Cont'l Airlines,* 91 F.3d at 558–59. In any event, it remains the case that the relief sought on appeal (at least at the time it was filed) is unavailable and moot following Judge Hall's Conversion Order. *See, e.g.*, *Lenton*, 2009 WL 1872667, at *3. Accordingly, because of Judge Hall's conversion of the underlying bankruptcy from Chapter 11 to Chapter 7, this appeal is **DISMISSED AS MOOT**.[7]

---

[6] In her opposition to conversion, Arsenis also argued that the Bankruptcy Court approve a refinancing plan with Cirque Capital. (*See generally* Bankr. ECF No. 291.) At the March 16, 2026 hearing before Judge Hall, however, Arsenis's relevant witnesses (1) were unwilling to give sworn testimony in support of Arsenis's position that Cirque Capital was ready to finance her as specified in her opposition and (2) stated on the record that they were no longer even employed with Cirque Capital at all and did not represent the interests of Cirque Capital in potentially financing Arsenis. (Conversion Order at 12–14.) Judge Hall concluded that this supposed refinancing plan was "entirely speculative" at best and proceeded with conversion to Chapter 7. (*Id.* at 14.)

[7] As discussed above, Ms. Andrea Dobin, the Chapter 7 trustee appointed to oversee the underlying bankruptcy action, today filed a letter in this action confirming the bankruptcy's conversion to Chapter 7. (ECF No. 24.) Ms. Dobin advised the Court that she has "no intention to intervene in this appeal or assume control at this time as no further work needs to be done." (*Id.*) The Chapter 7 trustee's unwillingness to pursue the instant appeal only further bolsters the Court's conclusion that this appeal must be dismissed as moot.

**THEREFORE**, it is on this 31st day of March, 2026, **ORDERED** that:

I.  Chryssoula Arsenis's appeal from the United States Bankruptcy Court for the District of New Jersey's "Order Denying Debtor's Motion for Election to Proceed Under Subchapter V of Chapter 11" (Bankr. ECF No. 90) is **DISMISSED AS MOOT.**

II.  The Clerk's Office is directed to **CLOSE** this case.

III.  The Clerk is directed to mail a copy of this Memorandum Order to Appellant's address on record.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

7